| | |
|---|---|
| **18th Judicial District Court**<br>**Douglas County, State of Colorado**<br><br>Court Address:     4000 Justice Way, Suite 2009<br>                              Castle Rock, CO 80109 | DATE FILED: July 30, 2018 4:52 PM<br>FILING ID: EE707B0C7F980<br>CASE NUMBER: 2018CV30696 |
| **Plaintiffs:**    Kathleen and Mark Lindfors<br><br>**v**<br><br>**Defendant:**   Nationwide Affinity Insurance Company of America | |
| | ▲     COURT USE ONLY     ▲ |
| **Attorney for Plaintiffs:**<br>Attorney:       David Roth, #44800<br>                      Jennifer A. Milne, #46286<br>Address:       Speights and Worrich, LLC<br>                      2149 South Holly Street, Suite 105<br>                      Denver, CO 80222<br>Phone Num.: (303) 662-8082<br>FAX Num.:    (303) 662-8083<br>E-Mail:          david@speightsfirm.com<br>                      jennifer@speightsfirm.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW PLAINTIFFS, Kathleen and Mark Lindfors, by and through their attorneys, Speights and Worrich, LLC, and files this Complaint against the above named Defendant as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, Kathleen and Mark Lindfors (hereinafter "Plaintiffs"), are the owners of real property located at 9940 Deer Creek Street, Highlands Ranch, Colorado 80129-4326.

2. Upon information and belief, Nationwide Affinity Insurance Company of America (hereinafter "Defendant") is a foreign corporation organized under the laws of Ohio, with its principal place of business located at One West Nationwide Boulevard, Columbus, Ohio, and is authorized to do business in Colorado.

3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

4. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

5. Defendant issued Policy Number HOA 0037475620 (hereinafter the "Policy") to the Plaintiff, insuring their residential rental property located at 9940 Deer Creek Street, Highlands Ranch, Colorado 80129-4326 (hereinafter the "Property") at all times relevant herein.

6. The Policy is a homeowner's Policy that covered, *inter alia*, all risks of direct physical loss or damage to the home located at the Property, including property damaged by wind and hail.

7. On or about June 6, 2016, a hailstorm occurred, causing damage to the Plaintiffs' Property.

8. Plaintiffs tendered to Defendant a claim for benefits arising out of the damage the Property sustained from substantial wind and hail, and Defendant issued claim number 083219-GF related to this storm.

9. On or about April 25, 2017, Defendant inspected Plaintiffs' Property and on May 9, 2017, produced an estimate with a replacement cost value ("RCV") of $3,629.33, and an actual cash value ("ACV") of $3,454.36.

10. On or about June 6, 2016, Plaintiffs' hired public adjuster, Trevor Karas with Mountain Country Claims Solutions.

11. On June 19, 2019, Mountain Country Claims Solutions produced an estimate with an RCV of $28,390.17.

12. Based on Defendant's estimate, a check in the amount of $2,454.36, representing the ACV payment, was issued to Plaintiffs on July 12, 2017.

13. On August 3, 2017, Defendant's retained engineer, Matthew Sitzmann of HAAG Engineering, who inspected Plaintiffs' Property with Trevor Karas of Mountain Country Claims Solutions.

14. HAAG Engineering subsequently provided a report dated August 11, 2016.

15. HAAG determined that the asphalt shingles were not damaged by hail and any damage to the metal components would not affect the performance of those components.

16. On or about August 4, 2016, Defendant issued a supplemental payment to Plaintiffs in the amount of $2,309.94.

17. On September 14, 2017, Plaintiffs contracted KHAAS Contracting for chimney repairs to comply with the Home Owners Association ("HOA").

18. On September 22, 2017, Defendant revised their estimate of damage to Plaintiffs' Property with an RCV of $4,749.70 and an ACV of $4,568.97.

19. Defendant was put on notice that there was not a reasonable match of the existing shingles in a letter dated May 16, 2018.

20. Defendant did not change its position stating that there was no hail damage to the roof.

## CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION
### (Breach of Contract)

21. Plaintiffs hereby incorporate paragraphs 1 through 20 of their Complaint as if fully set forth herein.

22. The Policy creates a contract of insurance between Plaintiffs and Defendant.

23. The Policy is a valid and enforceable contract between Plaintiffs and Defendant.

24. By its actions, as described above, Defendant breached the contract of insurance.

25. Plaintiffs have substantially complied with all of their obligations under the Policy.

26. As a direct and proximate result of Defendant's breach, Plaintiffs have incurred damages and are entitled to relief in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (Bad Faith Breach of Insurance Contract)

27. Plaintiffs incorporates paragraphs 1 through 26 of their Complaint as if fully set forth herein.

28. Defendant owed duties to Plaintiffs under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with Plaintiffs fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiffs' rights to receive the Policy's benefits.

29. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Failing to properly investigate and evaluate Plaintiffs' claims for Policy benefits;

    b. Attempting to repair and replace damage to the Residence with inferior materials;
    c. Failing to pay Plaintiffs the full benefits owed under the Policy;
    d. Failing to pay amounts under the Policy in a timely manner;
    e. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims;
    f. Failure to give equal consideration to Plaintiffs' rights and interests as it has given its own interests;
    g. Depriving Plaintiffs of the benefits and protections of the contract of insurance;
    h. Compelling Plaintiffs to institute litigation in order to recover amounts due under the Policy; and
    i. Other conduct to be revealed through discovery.

30. As a direct and proximate result of Defendant's bad faith breach of the contract of insurance, Plaintiffs have incurred damages and are entitled to relief in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)

31. Plaintiffs incorporates paragraphs 1 through 30 of its Complaint as if fully set forth herein.

32. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

33. Plaintiffs are a first-party claimant under C.R.S. §10-3-1115.

34. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

35. Because Defendant's actions, as described above, violate C.R.S. §10-3-1115, Plaintiffs bring this claim to recover its reasonable attorneys' fees and court costs, and two times the covered benefit, as allowed under C.R.S. §10-3-1116.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in its favor and against Defendant as follows:

    a. For compensatory damages, both economic and non-economic, in amounts to be proved at trial;
    b. For double damages pursuant to statute;
    c. For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;
    d. For reasonable attorneys' fees and costs of suit herein; and

    e. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated this 30th day of July, 2018.

        Respectfully Submitted,

        */s/David Roth*
        David Roth, #44800
        Jennifer A. Milne, #46286

        ATTORNEYS FOR PLAINTIFFS KATHLEEN
        AND MARK LINDFORS

Plaintiffs' Address:
9940 Deer Creek Street
Highlands Ranch, CO 80129